IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Roy K. Tomlinson, | ) | |
| 8105 Tomahawk Rd | ) | |
| Prairie Village, KS  66208 | ) | |
| | ) | |
| Plaintiff, | ) | Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| Express 2000, Inc. | ) | |
| Mark Basler, Registered Agent | ) | |
| 164 NW Industrial Court | ) | |
| Bridgeton, Missouri  63044 | ) | **JURY TRIAL DEMAND** |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff Roy K. Tomlinson ("Plaintiff"), by and through his attorneys to make the following Complaint against Defendant Express 2000, Inc.

## NATURE OF THE CLAIM

1. This is an employment discrimination case arising under the Americans with Disabilities Act, 42 USC §§ 12101 - 12213, ("ADA"), the Missouri Human Rights Act (Disability Discrimination), R.S.Mo. Sec. 213.010 *et seq.* ("MHRA"), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. Secs. 621 *et seq*.

2. Plaintiff was employed by Express 2000, Inc. from August 2001 through November 2018.

3. Starting on or about October 4, 2018, Plaintiff had a "disability" as that term is defined by 42 U.S.C. § 12102(1), in that he suffered a disabling injury that resulted in a cervical

1

fracture that substantially limited one or more major life activities, including, but not limited to, caring for himself, performing manual tasks, lifting, working, and ambulation.

4. Starting on or about October 4, 2018, Plaintiff had a "disability" as that term is defined by 42 U.S.C. § 12102(1), in that he had a record of having the impairment described in the preceding paragraph.

5. Starting on or about October 4, 2018, Plaintiff had a "disability" as that term is defined by 42 U.S.C. § 12102(1), in that he was regarded as having a physical impairment that substantially limited one or more major life activity which persisted for more than six months.

6. Plaintiff was a qualified individual with a disability as that term is defined under the ADA and the MHRA.

7. In violation of both the ADA and MHRA, Express 2000, Inc. intentionally discriminated against Plaintiff because of his disability, his record of a disability, and/or because Express 2000, Inc. regarded and perceived Plaintiff as being disabled.

8. In violation of both the ADA and MHRA, Express 2000, Inc. failed to engage in the interactive process, failed to offer Plaintiff a reasonable accommodation, and unlawfully terminated Plaintiff.

9. In October 2018, Plaintiff was 74 years of age.

10. Pleading in the alternative, among other things, Express 2000, Inc. has violated the ADEA, 29 U.S.C. Sec. 623, in that it discharged or otherwise discriminated against Plaintiff with respect to his compensation, terms, conditions or privileges of employment because of his age.

11. Plaintiff seeks all legal and equitable relief available under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, *et seq.,* the ADA, the MHRA, and the ADEA.

## PARTIES

12. Plaintiff resides in Prairie Village, Kansas.

13. Express 2000, Inc. is domestic corporation in good standing that is a citizen of Missouri (its state of incorporation) and the state in which its principal place of business is located.

14. Express 2000, Inc. maintains its headquarters at the 164 NW Industrial Court, Bridgeton, Missouri 63044 location.

15. From approximately August 2001 until November 2018, Plaintiff was employed to work at Express 2000, Inc.'s Kansas City, Missouri location, which is located at 5801 Gardner Avenue, Kansas City, Missouri 64120.

16. Plaintiff reported directly to Chuck Quigle, who was located at the company's Bridgeton, Missouri location.

17. At all times from 2018 through the date of Plaintiff's termination, Express 2000, Inc. employed more than 20 employees and fell within the statutory definitions of "employer" under the ADA, ADEA and the MHRA, R.S.Mo. Sec. 213.010(7).

18. Throughout Plaintiff's employment with Express 2000, Inc., he was an "employee" of Express 2000, Inc. as that term is defined by the ADA, ADEA and the MHRA.

19. Further investigation and discovery will likely show that throughout Plaintiff's employment, Express 2000, Inc. employed 201 or more employees.

## SUBJECT MATTER JURISDICTION

20. This Court has original subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because Counts I and III arise under the ADA and ADEA.

21. This Court has supplemental jurisdiction over Plaintiff's state law claim arising under the Missouri Human Rights Act based on prohibited disability discrimination pursuant to 28 U.S.C. Sec. 1367.

**VENUE**

22. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this District.

**ADMINISTRATIVE PROCEDURES**

23. On April 5, 2019, Plaintiff filed a Charge of Discrimination with the EEOC and MHRC against Defendant.

24. The MCHR assigned the Charge # E-4/19-50791 and the EEOC assigned the Charge # 28-E-2019-00834. A copy of the Charge is attached hereto as **Exhibit A** and is hereby incorporated by reference.

25. On February 11, 2020, the MCHR issued Plaintiff a Notice of Right to Sue for Charge No. E-4/19-50791, which had his name misspelled. A copy of the Notice is attached hereto as **Exhibit B** and is hereby incorporated by reference.

27. Thereafter, on February 21, 2020, the MCHR issued a subsequent Notice of Right to Sue for Charge No. E-4/19-50791. A copy of the Notice is attached hereto as **Exhibit C**.

28. On March 16, 2020, the EEOC issued Plaintiff a Notice of Right to Sue for Charge No. 28E-2019-00834. A copy of the Notice is attached hereto as **Exhibit D** and is hereby incorporated by reference.

29. This action has been filed within 90 days of the issuance of the Missouri Commission on Human Rights' Notice of Right to Sue.

30. This action has been filed within 90 days of the issuance of the Equal Employment Opportunity Commission's Notice of Right to Sue.

31. Plaintiff has satisfied all private, administrative, and judicial prerequisites to the initiation of this action and it has been filed within the requisite statute of limitations.

**FACTS**

32. Plaintiff is over the age of forty (40).

33. During Plaintiff's employment with Express 2000, Inc., Plaintiff was subjected to different terms and conditions of employment based on his age and because of his disability, perceived disability, or because of his record of a disability.

34. Plaintiff was employed by Express 2000, Inc. from August 1, 2001 through November 30, 2018.

35. From October 2001 through the date Plaintiff was terminated, he was employed as a Sales Representative/Account Manager.

36. On October 4, 2018, Plaintiff suffered a disabling injury, including a cervical fracture, which substantially limited one or more major life activities.

37. On October 4, 2018, Plaintiff was 74 years of age and a full-time salaried employee of Express 2000, Inc.

38. Prior to October 4, 2018, Plaintiff never received any discipline.

39. Prior to October 4, 2018, Plaintiff never received any negative performance evaluations.

40. While Plaintiff was hospitalized, his wife, Karla Tomlinson, called Express 2000, Inc. to notify Plaintiff's employer of his disabling condition.

41. During this telephone call with Plaintiff's supervisor, Chuck Quigle, Mr. Quigle asked Karla Tomlinson how old Roy Tomlinson was and told Ms. Tomlinson that Plaintiff should retire.

42. Several days later, at the direction and with the express authority of Express 2000, Express employee, Gordon Walters, went to the in-patient rehabilitation facility where Plaintiff was being treated, to speak to Plaintiff about his employment.

43. Mr. Walters informed Plaintiff that Plaintiff's supervisor viewed him as a liability, commenting that one worker's compensation claim could significantly impact the company's profitability.

44. Mr. Walters stated the company feared Plaintiff could slip and fall in the future or have a car wreck.

45. Plaintiff then returned to his home to continue to heal from his cervical fracture.

46. Plaintiff attempted to engage in the interactive process with Express 2000 and requested reasonable accommodations.

47. On or about October 25, 2018, Mr. Quigle told Plaintiff he was a liability and that he no longer wanted to risk having Plaintiff on the street as a sales representative.

48. Mr. Quigle informed Plaintiff his pay was being significantly reduced.

49. In fact, Express 2000, Inc. reduced Plaintiff's compensation roughly 55 percent.

50. Mr. Quigle advised Plaintiff he would be set up to perform his job duties from his home.

51. Express 2000, Inc. further advised Plaintiff no further accommodations would be offered by the company and that these changes were non-negotiable.

52. Plaintiff began to perform his duties from home.

53. Then, on or about November 30, 2018, Mr. Quigle insisted Plaintiff retire.

54. When Plaintiff refused to retire, on November 30, 2018, Mr. Quigle told Plaintiff he was terminated effective immediately.

55. Mr. Quigle again told Plaintiff he would be a liability to the company as a sales representative.

56. Plaintiff was disabled, had a record of a disability, and, further, was regarded by Express 2000, Inc. as disabled.

57. Express 2000, Inc. failed to engage in the interactive process and failed to reasonably accommodate Plaintiff.

58. Express 2000, Inc.'s termination of Plaintiff was in violation of the MHRA and ADA's prohibitions against disability discrimination.

59. Express 2000, Inc.'s focus on Plaintiff's age and repeated request that he retire demonstrated unlawful ageism by the company in its decision to terminate Plaintiff.

60. Plaintiff was replaced and his duties were assumed by a younger employee.

61. Plaintiff was terminated due to his age in violation of the Age Discrimination in Employment Act.

62. At all times mentioned herein, before and after, the above described perpetrators were agents, servant and employees of Express 2000, Inc. and were at all such times acting within the scope and course of their agency and employment, or their actions were expressly authorized or ratified by Express 2000, Inc. Therefore, Express 2000, Inc. is liable for the actions of said persons and/or other perpetrators under all theories pled herein.

**COUNT I**
**ADA - Disability Discrimination**

63. Plaintiff incorporates by reference every other allegation made in this Complaint.

64. From October 4, 2018, the date he suffered a disabling injury, until such time that Express 2000, Inc. terminated his employment, Plaintiff was an employee of Express 2000, Inc.

65. Plaintiff was disabled as that term is defined under the ADA.

66. Plaintiff had a record of being disabled for purposes of the ADA.

67. Express 2000, Inc. regarded Plaintiff as being disabled for purposes of the ADA.

68. Express 2000, Inc. terminated Plaintiff because Plaintiff was disabled, had a record of being disabled, or because it regarded him as disabled.

69. Express 2000, Inc. refused to accommodate Plaintiff's disability, including its failure to allow him to work from home, as proposed, to provide additional leave to allow him to return to performing the essential functions of his position, and to otherwise engage in the interactive process to evaluate potential available reasonable accommodations.

70. As a direct result of the violation of his rights under the ADA, the foregoing adverse employment actions directly and proximately caused Plaintiff to suffer damages, including loss of past and future wages and benefits, a detrimental job record, career damage, pain and suffering, emotional distress, humiliation, intimidation, embarrassment, and frustration, loss of sleep, loss of enjoyment of life, and other non pecuniary losses, all of a continuing and permanent nature.

71. The persons who terminated Plaintiffs employment with Express 2000, Inc. were employees and/or agents of Express 2000, Inc. who were acting in the course and scope of their agency with Express 2000, Inc. or acted with express authority from Express 2000, Inc.

72. Express 2000, Inc., through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Express 2000, Inc. is therefore liable for punitive damages in an amount sufficient to punish Express 2000, Inc. and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Express 2000, Inc. on Count I of his Complaint, for a finding that he was subjected to unlawful discrimination in violation of 42 U.S.C. § 12101 *et seq.* for compensatory and punitive damages; equitable relief; costs expended; reasonable attorneys' and experts' fees provided by 42 U.S.C. §2000e-5(k); and for such other relief the Court deems just and proper.

## COUNT II
### Missouri Human Rights Act - Disability Discrimination

73. Plaintiff incorporates by reference every other allegation made in this Complaint.

74. Plaintiff was an employee of Express 2000, Inc. for purposes of the MHRA.

75. Plaintiff was disabled for purposes of the MHRA.

76. Plaintiff had a record of being disabled for purposes of the MHRA.

77. Express 2000, Inc. regarded Plaintiff as being disabled for purposes of the MHRA.

78. Express 2000, Inc. terminated Plaintiff because Plaintiff was disabled, had a record of being disabled, or because it regarded him as disabled.

79. Express 2000, Inc. refused to accommodate Plaintiff's disability, including its failure to allow him to work from home, as proposed, to provide additional leave to allow him to return to performing the essential functions of his position, and to otherwise engage in the interactive process to evaluate potential available reasonable accommodations.

80. All actions or inactions of Express 2000, Inc. occurred by or through its owners, agents, servants, or employees acting within the course and scope of their employment.

81. Express 2000, Inc.'s actions constitute unlawful employment discrimination against Plaintiff in violation of the Missouri Human Rights Act, R.S.Mo. Sec. 213.055.

82. As a direct result of the violation of his rights under the MHRA, the foregoing adverse employment actions directly and proximately caused Plaintiff to suffer damages, including

loss of past and future wages and benefits, a detrimental job record, career damage, pain and suffering, emotional distress, humiliation, intimidation, embarrassment, and frustration, loss of sleep, loss of enjoyment of life, and other non pecuniary losses, all of a continuing and permanent nature.

83. Plaintiff is also entitled to recover all of his costs, expenses, expert witness fees, and attorneys' fees incurred in this matter.

84. Express 2000, Inc., through its agents or employees, acted outrageously by engaging in discriminatory practices with malice or reckless indifference to Plaintiff's federally protected rights. Express 2000, Inc. is therefore liable for punitive damages in an amount sufficient to punish Express 2000, Inc. and to deter it and other employers from engaging in similar conduct.

WHEREFORE, Plaintiff prays for judgment against Express 2000, Inc. on Count II of his Complaint, for a finding that he was subjected to unlawful discrimination in violation of the Missouri Human Rights Act, for actual, compensatory and punitive damages, equitable relief, all costs, expenses and attorneys' fees incurred herein, for interest at the highest lawful rate, and for such other relief the Court deems just and proper.

### COUNT III
### Violation of the Age Discrimination in Employment Act

85. Plaintiff incorporates by reference every other allegation made in this Complaint.

86. Express 2000, Inc. has violated the Age Discrimination in Employment Act, 29 U.S.C. Secs. 621, *et seq.*, by discrimination against and ultimately discharging Plaintiff due to his age.

87. Express 2000, Inc. intentionally discriminated against Plaintiff on the basis of his age in the terms and conditions of his employment, including but not limited to, refusing to allow

him to perform work that was within his restrictions while he was still employed and by terminating his employment.

88. Plaintiff was and is capable of performing the duties of the position he held.

89. Plaintiff was replaced and/or his job duties were transferred to a younger individual.

90. Plaintiff's age was the cause of Defendants' actions toward Plaintiff and constituted discrimination against Plaintiff on the basis of Plaintiff's age.

91. Express 2000, Inc. intentionally discriminated against Plaintiff based on Plaintiff's age, through the actions set forth in the foregoing paragraphs, all in violation of the Age Discrimination in Employment Act.

92. Plaintiff was damaged by Express 2000, Inc.'s intentional discrimination and is entitled to all remedies available to him as provided in the ADEA, including but not limited to his actual damages in the form of lost wages, lost fringe benefits, loss of earning capacity, loss of career opportunities, cost of seeking alternative income.

93. Express 2000, Inc.'s violation of the ADEA was a willful violation in that it knew its conduct was prohibited by the law or showed a reckless disregard for whether its conduct was prohibited, entitling Plaintiff to liquidated damages.

WHEREFORE Plaintiff prays for judgment against Express 2000, Inc. on Count III of his Complaint, for a finding that he was subjected to unlawful discrimination in violation of the Age Discrimination in Employment Act for actual damages, including back pay, loss of benefits, prejudgment interest, negative tax consequences; liquidated damages; equitable relief; costs expended; reasonable attorneys' and experts' fees; and for such other relief the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury of all triable issues alleged herein.

        Respectfully submitted,

        **FOLAND, WICKENS, ROPER,**
         **HOFER & CRAWFORD, P.C.**

        */s/ Jacqueline M. Sexton*
        Jacqueline M. Sexton     #53262
        Jean A. Botkin     #47995
        1200 Main Street, Suite 2200
        Kansas City, Missouri 64105
        (816) 472-7474
        (816) 472-6262 (Fax)
        jsexton@fwpclaw.com
        jbotkin@fwpclaw.com
        **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The undersigned certifies that on May 8, 2020 this document, the original of which has been signed pursuant to Mo.R.Civ.Proc. 55.03(a), was filed using the Missouri Electronic Filing System which provides the required service, notice of filing, and access to the document to registered users pursuant to Mo.R.Civ.Proc. 103.08.

        */s/ Jacqueline M. Sexton*
        **ATTORNEYS FOR PLAINTIFF**